## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SERAFIN TORRES and HORTENCIA
TORRES,

        Plaintiffs,

                v.

ALLSTATE INDEMNITY CO. and
ALLSTATE INSURANCE CO.,

        Defendants.

No. 14 C 2830
Judge James B. Zagel

### MEMORANDUM OPINION AND ORDER

Plaintiffs Serafin Torres and Hortencia Torres ("Plaintiffs") filed a complaint against

Defendants Allstate Indemnity Co. and Allstate Insurance Co. ("Defendants"), alleging breach of

contract (Counts I and II), vexatious failure to settle (Count III), common law fraud and statutory

fraud (Counts IV, V, VI, and VII), and declaratory judgment (Count VIII). Plaintiffs amended

their complaint, and Defendants moved to dismiss Plaintiffs' amended complaint pursuant to

Fed. R. Civ. P. 12(b)(6). Judge Alonso granted Defendants' motion to dismiss with prejudice

Plaintiffs' common law and statutory fraud claims in Counts IV, V, VI, and VII and declaratory

judgment claim in Count VIII. Currently before the court is Plaintiffs' motion for reconsideration

of this Court's dismissal with prejudice of Plaintiffs' common law and statutory fraud claims.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or

fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474

(7th Cir. 2008); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987)

*opinion amended on denial of reh'g sub nom. Rosenthal & Co. v. Rothwell Cotton Co.*, 835 F.2d

710 (7th Cir. 1987). Reconsideration is appropriate when "the Court has patently misunderstood

a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (quoted by *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001)).

This Court previously dismissed Plaintiffs' common law and statutory fraud claims with prejudice after finding that Plaintiffs' allegations that Defendants made misrepresentations to Plaintiffs amounted to a restatement of Plaintiffs' claim that Defendants breached the policy provisions. The Court reasoned that the "consumer-fraud and contract claims rest on the same factual foundation; no distinct deceptive acts are alleged." Plaintiffs now contend that Judge Alonso failed to apprehend Plaintiffs' arguments regarding their prior fraud claims and erred when he, citing *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399-401 (7th Cir. 2011) and *Avery v. State Farm Mut. Auto. Ins., Co.*, 835 N.E.2d 801, 844 (Ill. 2005), dismissed Plaintiffs' fraud claims.

Plaintiffs argue that this Court failed to understand that the facts of this case are distinguishable from *Greenberger* and *Avery* because, here, Plaintiffs have alleged additional facts establishing the requisite elements of a fraud claim. Specifically, Plaintiffs contend that they sufficiently stated separate claims by alleging that Defendants did not merely breach the policy provisions, but that Defendants had a *plan* to breach the policy provisions at the time of contracting. This allegation of intent, Plaintiffs submit, is sufficient to meet the pleading standard set forth in *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012) and *U.S. ex rel. Main v. Oakland City University*, 426 F.3d 914, 917 (7th Cir. 2005) (stating the intent not to perform as promised is what separates breach of contract from fraud).

I neither find that this Court failed to understand the facts of this case and Plaintiffs'

argument, nor that Plaintiffs were unable to argue that their fraud claims were not a restatement of Plaintiffs' contract claim during the pendency of the previous motion. Rather, that precise issue was thoroughly argued in the prior briefing and decided by this Court. While neither party cited *Greenberger* in their briefs, the *Greenberger* opinion was decided well before this Court's ruling and both parties had the opportunity to argue its applicability to this case.

In any case, the court in *Greenberger* relied heavily on *Avery* in dismissing "breach-of-contract allegations dressed up in the language of fraud." *Greenberger*, 631 F.3d at 395 (7th Cir. 2011) ("Greenberger's claims are foreclosed by the Illinois Supreme Court's comprehensive decision in *Avery*, which "made clear that fraud claims must contain something more than reformulated allegations of a contractual breach"). It is undisputed that both parties did, in fact, make arguments about the applicability of *Avery*, including the applicability of *Avery* to the facts of this case, which also formed the basis of this Court's opinion. Plaintiffs do not suggest that there has been a change in applicable law since this Court's ruling, and Plaintiffs may not re-litigate a motion it already had a chance to contest and lost. *Rothwell Cotton Co.*, 827 F.2d at 252.

Plaintiffs' arguments are not appropriate for a motion for reconsideration; Plaintiffs' motion to reconsider is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: July 6, 2015

3